# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 699 | **DATE** | 8/22/2001 |
| **CASE TITLE** | USA vs. The Premcor Refining Group, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The government's motion to admit evidence under Federal Rule of Evidence 404(b) against defendant Ronald Snook is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 3 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 79 |
| | Mail AO 450 form. | 00-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 22 PM 1: 40 | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 00 CR 699 |
| v. | ) | |
| | ) | Judge Ruben Castillo |
| THE PREMCOR REFINING GROUP, | ) | |
| INC., RONALD SNOOK and ELVA | ) | |
| CARUSIELLO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this case, Defendants are charged in a twenty-nine count indictment with various offenses relating to the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq*. Presently before this Court is the government's motion to admit evidence under Federal Rule of Evidence 404(b) against Defendant Ronald Snook. (R. 61-1.) For the reasons set forth below, we grant the government's motion.

## RELEVANT FACTS

We will assume familiarity with our prior opinion in this case, *United States v. The Premcor Ref. Group, et al.*, No. 00 CR 699 (N.D. Ill. June 8, 2001) ("*Premcor I*"), and will not needlessly repeat the facts recited there that are not relevant to this opinion.[1] Premcor Refining Group ("Premcor"), formerly known as Clark Refining and Marketing, Inc., operated a petroleum refinery next to Blue Island, Illinois. During the period charged in the indictment (July 1993 to March 1997), Premcor hired Environmental Technology and Monitoring ("EMT"),

---

[1] *Premcor I* dealt with the government's motion to bar Defendants' mistake-of-law defenses as to the alleged CWA violations. (R. 54-1.) We granted that motion.

an outside laboratory, to do its environmental waste testing. An EMT employee generally picked up the waste samples to be tested from Premcor. If the samples taken from Premcor were analyzed by EMT and found to be a hazardous waste material, the samples were returned to Premcor for disposal because of the cost of hazardous waste disposal. Samples that were not found to be a hazardous waste material were maintained by EMT.

At times relevant to this case, Robert Ciolino was employed by EMT as a Field Technician and later as an Assistant Field Manager. As a Field Technician, one of Ciolino's responsibilities was to pick up waste samples from Premcor for analysis. In approximately 1993 or 1994, the government alleges that Ciolino was instructed to return to Premcor certain of its waste samples that had tested positive for hazardous materials. When he arrived at Premcor, the government maintains that Ciolino told Defendant Ronald Snook, the Environmental Manager at Premcor, that he had hazardous waste samples to return. In response, the government claims that Snook instructed Ciolino to take the samples to the canal dock area on the Premcor grounds and to dump them. The government asserts that Ciolino called Mike Gower, his supervisor at EMT, and reported to Gower that Snook told him to dump the hazardous waste samples. Although Gower stated that he did not recall this specific incident, but that EMT frequently received complaints from clients who did not want to take their hazardous waste samples back, the government alleges that Gower told Ciolino to bring the samples back to EMT, which he did, and that he, Gower, would handle the issue.

Presently before this Court is the government's motion to admit the evidence of Snook's conduct relating to the disposal of the hazardous waste samples from EMT, pursuant to Federal Rule of Evidence 404(b). The government argues that this evidence satisfies the four-part test governing the admission of other acts evidence under Rule 404(b) in that: (1) it proves Snook's

2

motive, plan, knowledge and absence of mistake with regard to the offenses charged in the indictment as well as his intent to conceal wastewater violations and disregard environmental regulations; (2) it is similar enough and close enough in time to the charged conduct to be admissible; (3) there is sufficient evidence that Snook committed this act; and (4) the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. (*See* R. 61-1, Gov't's Mot. to Admit Evidence Under Rule 404(b) at 3-7.) Defendant Ronald Snook, on the other hand, contends that: (1) his alleged statement to Ciolino is inadmissible because it is mere propensity evidence; (2) his alleged prior bad act is not similar to the crimes charged in the indictment; and (3) the probative value of the alleged statement is substantially outweighed by its prejudicial nature. (*See* R. 76-1, Def.'s Resp. at 2-6.) Because we find that evidence of Snook's alleged decision to ignore environmental regulations with regard to hazardous waste disposal should be admitted against Snook under Federal Rule of Evidence 404(b), we grant the government's motion as detailed herein.

## ANALYSIS

### I. Federal Rule of Evidence 404(b) Standards

Federal Rule of Evidence 404(b) provides in pertinent part that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove
> the character of a person in order to show action in conformity therewith.
> It may, however, be admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge, identity, or absence of
> mistake or accident . . . .

Fed. R. Evid. 404(b). Thus, as the first sentence of this rule makes clear, the government may not introduce prior bad act evidence in order to show that Snook's character is consistent with a propensity to commit the crime in question; but, such evidence may be properly admitted as evidence of motive, intent or knowledge, among other things. *United States v. Best*, 250 F.3d

3

1084, 1090 (7th Cir. 2001) (citations omitted); *United States v. Wash*, 231 F.3d 366, 370 (7th Cir. 2000) (citation omitted).

The Seventh Circuit has combined the requirements of Rule 404(b) and Rule 403 to create a four-prong test that governs the admission of prior bad act evidence. *See Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000). Evidence of prior crimes, wrongs or acts may be admitted when: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Asher*, 178 F.3d 486, 492 (7th Cir. 1999) (citations omitted). With these criteria in mind, we now consider the government's proposed Rule 404(b) evidence against Defendant Ronald Snook.

## II. Robert Ciolino's Testimony

The government seeks to introduce evidence of Snook's conduct relating to the alleged disposal of hazardous waste samples from EMT. Specifically, the government wishes to introduce Robert Ciolino's testimony that Snook instructed him to take the waste samples to the canal dock area on Premcor grounds and to dump them out. The government argues that Ciolino's testimony satisfies the four-part test governing the admission of other acts evidence under Rule 404(b) in that: (1) it proves Snook's intent, motive, knowledge and plan with regard to the CWA offenses charged in the indictment as well as his intent to conceal wastewater violations and disregard environmental regulations; (2) it is similar enough and close enough in

time to the charged conduct to be admissible; (3) there is sufficient evidence that Snook instructed Ciolino to dump out the hazardous waste samples; and (4) the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. (*See* R. 61-1, Gov't's Mot. to Admit Evidence Under Rule 404(b) at 3-7.)

### A. Snook's Intent, Motive, Knowledge and Plan

The government argues that evidence that Snook instructed Ciolino to dump hazardous waste samples in the canal "proves Snook's motive, plan, knowledge, and absence of mistake with regard to the charged offenses and his intent to conceal wastewater violations" and to disregard environmental regulations. (*Id.* at 4.) Snook, on the other hand, contends that the government "does not . . . articulate any specific basis for the admission of Ciolino's statement" and that Ciolino's testimony is a "classic example" of propensity evidence. (R. 76-1, Def.'s Resp. at 2-3.)

The Seventh Circuit has held that the government is required to show that the other acts evidence is "being offered to establish a matter in issue as opposed to propensity to commit the crime." *Asher*, 178 F.3d at 493. *See also United States v. Lloyd*, 71 F.3d 1256, 1265 (7th Cir. 1995) (finding that it is appropriate for a court to admit evidence of prior bad acts in cases in which the acts involve or explain the circumstances of the crime charged, the acts provide the background for or development of the crime charged or the acts complete the story of the crime charged). This Court has stated that we view our role as one of a "gate-keeper" and that "Rule 404(b) must be implemented as a rule of prohibition with certain limited exceptions." *United States v. Gerard*, 926 F. Supp. 1351, 1358 (N.D. Ill. 1996).[2]

---

[2] Snook correctly points out that in *Gerard* we noted that even when the government charges a specific intent crime – as they do in the case at bar – they "must show the relevance of the

5

In this case, we agree with the government that the fact that Snook was allegedly willing to disregard environmental regulations in the context of disposing of hazardous waste is probative evidence of his intent, motive, knowledge and plan with regard to the charged crimes. Ciolino's testimony may explain the circumstances of the charged crimes and may establish the following matters in issue in the indictment: (1) that Snook did not want to incur the cost of disposing of hazardous waste (or expensive improvements to Premcor's internal wastewater treatment system which might have been required as a result of Premcor's alleged violations); (2) that he did not want to displease his superiors by incurring these costs (or reporting to his superiors the alleged violations); and (3) that he did not want to contend with the difficulties of disposing of such waste (or the time-consuming cease and desist orders and directives to show how Premcor was going to comply with its wastewater limits). Therefore, in our role as "gatekeeper," we find that this evidence clearly relates to a matter in issue other than Snook's propensity to commit the charged offenses, and we now proceed to the second prong of the four-part test under Rule 404(b).

### B. Similarity and Proximity

The second prong of the test requires that the other acts be similar enough and close enough in time to be relevant to the matter in issue. Snook asserts that Ciolino's testimony relates solely to an alleged attempt to illegally dispose of hazardous waste samples and that this evidence is not similar enough to the allegations in the indictment that Snook conspired to

---

evidence to the question on intent . . . [and they] cannot simply flood the courtroom with other-crimes evidence on the grounds that the crime was one of specific intent." *Gerard*, 926 F. Supp. at 1358. Even given this admonition, we believe that the government has satisfied its burden in the first prong of the Rule 404(b) test.

violate the CWA's reporting requirements by failing to report all wastewater test results.[3] (*See* R. 76-1, Def.'s Resp. at 4-5.) We disagree. The Seventh Circuit has observed on many occasions that "[w]hen evidence is offered to prove intent, the degree of similarity is relevant only insofar as the acts are sufficiently alike to support an inference of criminal intent." *Lloyd*, 71 F.3d at 1265 (stating that "[t]he prior acts need not be duplicates of the one for which the defendant is now being tried") (quotations and citations omitted). *See also United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996) (holding that "simple differences in the type of conduct or charge at issue cannot defeat the similarity requirement").

In this case, the government plans to offer evidence that Snook's alleged violations of the CWA were motivated, in part, by his desire to avoid the cost of putting Premcor in compliance with its wastewater limits, dealing with environmental regulations and informing his superiors of Premcor's wastewater violations. Similarly, Ciolino's testimony reveals that Snook intended to avoid the cost and difficulties of hazardous waste disposal, as well as notifying his superiors of these costs, by allegedly dumping the waste in Premcor's canal dock area. Therefore, we find that Ciolino's testimony and the crimes charged in the indictment share similar characteristics which "relate to the purpose for which the [testimony] is offered," *United States v. Torres*, 977 F.2d 321, 326 (7th Cir. 1992), and we conclude that the government has satisfied the similarity and proximity prong of the Rule 404(b) test.

---

[3] Snook does not argue that Ciolino's testimony should be excluded because it is too remote in time to the charged crimes. Indeed, because "the analysis of 'how long is too long' is a flexible one," *U.S. v. Ruiz*, 178 F.3d 877, 880 (7th Cir. 1999), and because the testimony involves an incident that allegedly occurred during the period charged in the indictment (July 1993 to March 1997), this evidence is clearly close enough in time to the charged crimes to be admissible.

7

## C. Sufficiency of the Evidence

Snook claims that Ciolino's testimony is "so unreliable – he is not sure what year the alleged conversation with Snook occurred, and the government's allegedly corroborating witness cannot even support Ciolino's sketchy recollection – that to allow the testimony only will result in unfair prejudice to defendant Snook." (R. 76-1, Def.'s Resp. at 6.) The Supreme Court stated that the evidence must be sufficient so that "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). The Seventh Circuit has held that eyewitness testimony serves this purpose. *See United States v. Green*, 2001 WL 832743, at *7 (7th Cir. July 25, 2001) (uncorroborated direct testimony of an accomplice is sufficient for purposes of Rule 404(b) notwithstanding credibility questions); *United States v. Allison*, 120 F.3d 71, 75 (7th Cir. 1997) (first-hand testimony of a police officer is sufficient to support a jury finding that the acts occurred); *United States v. Curry*, 79 F.3d 1489, 1496 (7th Cir. 1996) (testimony of crack cocaine buyers who testified pursuant to favorable plea agreements is sufficient). In this case, Ciolino will testify that he was directed by his supervisor, Mike Gower,[4] to return the hazardous waste samples to Premcor and that, when he did so, Snook instructed him to dump the hazardous waste samples in Premcor's canal dock area. Therefore, we easily conclude that Ciolino's testimony is sufficient to support a finding that the alleged incident occurred.[5]

---

[4] Although Gower will testify that EMT's clients often complained about taking back hazardous waste samples, he does not recall having any such discussions with Snook. As such, we agree with Snook that Gower's general recollection concerning complaints of other clients is not admissible to prove that Snook complained about having to dispose of hazardous waste samples.

[5] We note that nothing within this opinion will prevent Snook from cross-examining Ciolino with regard to the year of the alleged incident or any other relevant factual information, if and when Ciolino elects to testify. At that point, the dictates of Federal Rule of Evidence 608 will control and "credibility determinations are within the province of the jury." *United States v.*

### D. The Balancing Test of Rule 403

Finally, Snook maintains that "any theoretically probative value of Ciolino's testimony is insignificant in comparison to its unfairly prejudicial impact." (R. 76-1, Def.'s Resp. at 5-6.) We disagree. At the outset, we note that "all probative evidence is prejudicial to the party against whom it is introduced." *United States v. Adames*, 56 F.3d 737, 742 (7th Cir. 1995). Therefore, our focus must be on *unfair* prejudice. *Id.* "Unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Here, the evidence of Snook's alleged conduct with regard to the hazardous waste samples is probative of Snook's motive and plan to commit the crimes charged in the indictment, to prove absence of mistake and to prove knowledge and intent. The jury will already hear evidence relating to Snook's alleged violations of the CWA, and the single instance of Snook's alleged dumping of hazardous waste samples will not unfairly prejudice him. Moreover, "[l]imiting instructions have been held to be sufficient to cure potential prejudice resulting from the admission of Rule 404(b) evidence." *Asher*, 178 F.3d at 495 (citations omitted). Therefore, the government's evidence – based on Robert Ciolino's testimony – of Snook's conduct relating to the alleged disposal of the hazardous waste samples from EMT will be admitted under Federal Rule of Evidence 404(b).

### CONCLUSION

For the foregoing reasons, we grant the government's motion to admit evidence under Federal Rule of Evidence 404(b) against Defendant Ronald Snook. (R. 61-1.) This Court

---

*Jefferson*, 252 F.3d 937, 942 (7th Cir. 2001).

expressly notes that we reserve the right to reassess the Rule 404(b) evidence, to give limiting instructions prior to the introduction of the evidence and to give a final instruction to the jury to remind the jury of its restricted use of the evidence.

A status hearing will be held on August 23, 2001 at 9:00 a.m. to address all issues which will ensure a fair and efficient trial and to set a firm trial date for this pending indictment.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: August 22, 2001